UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HORACE E. HOLLIS          ]
    Petitioner,         ]
                          ]
v.                        ]         No. 3:14-2369
                          ]         Judge Campbell
MICHAEL DONAHUE, WARDEN   ]
    Respondent.         ]

# M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Michael Donahue, Warden of the facility, seeking a writ of habeas corpus.

In February, 2011, a Dickson County jury found the petitioner guilty of child rape (2 counts) and aggravated sexual battery (2 counts). By operation of law, the aggravated sexual battery convictions were merged with the child rape convictions. For his crimes, the petitioner received two consecutive sentences of twenty (20) years in prison.

On appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. No further direct review of the convictions was sought by the petitioner.

In December, 2012, however, the petitioner filed a petition

1

for post-conviction relief in the Circuit Court of Dickson County. Following an evidentiary hearing, the petitioner was denied post-conviction relief. An appeal of this ruling is currently pending in the Tennessee Court of Criminal Appeals.

On December 18, 2014, the petitioner filed the instant petition (Docket Entry No.1) for writ of habeas corpus. In the petition, he sets forth nine primary claims for relief. More specifically, the petitioner alleges that :

1) pre-trial counsel were ineffective;

2) trial counsel was ineffective;

3) appellate counsel was ineffective;

4) denial of a speedy trial;

5) convictions obtained in violation of the prohibition against double jeopardy;

6) hearsay testimony was allowed in violation of the Confrontation Clause;

7) the evidence was insufficient to support the convictions;

8) petitioner is actually innocent of the charges; and

9) post-conviction counsel was ineffective.

Upon its receipt, the Court examined the petition and determined that it was not facially frivolous. Accordingly, an order (Docket Entry No.3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4,

Rules – § 2254 Cases.

Presently pending before the Court are the petition, respondent's Motion to Dismiss (Docket Entry No.9) and petitioner's Reply (Docket Entry No.11) to the Motion to Dismiss.

The respondent asserts that this action is subject to dismissal because the petitioner has not yet fully exhausted his state court remedies for each and every claim in his petition.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). A claim has been fairly presented when the petitioner has raised both the factual and legal basis for his claim in the state courts. Fulcher v. Motley, 444 F.3d 791, 798 (6th Cir. 2006). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to

consider the claims. Wilson v. Mitchell, 498 F.3d 491, 498-99 (6th Cir. 2007).[1]

According to the respondent, all but one of the petitioner's claims are currently on appeal to the Tennessee Court of Criminal Appeals. In his Reply, the petitioner does not dispute this assertion. Therefore, the Court finds that the petitioner has failed to fully exhaust all of his claims prior to filing the instant action.

In the Reply, the petitioner suggests that exhaustion would be futile because "the State of Tennessee has on numerous instances shown a disregard for timely proceeding with prosecutions." For that reason, coupled with his claim of actual innocence, the petitioner believes that he should be excused from the requirement of exhaustion.

An exception to the exhaustion requirement does exist if there is no opportunity to obtain redress in the state courts or if the corrective process is so clearly deficient as to render futile any further effort to obtain relief. Duckworth v. Serrano, 454 U.S. 1,3 (1981). Here, all but one of the petitioner's claims are currently pending appeal in the state courts. There has been no showing that the corrective process available in the state courts is so

---

[1] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

deficient as to render futile any further effort to obtain relief there.

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. Rose v. Lundy, *supra*, at 455 U.S. 422. Accordingly, an appropriate order will be entered dismissing the petition without prejudice to petitioner's right to pursue any state court remedies which might be available to him. Rule 4, Rules --- § 2254 Cases.

_____
Todd Campbell
United States District Judge